UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY WILSON,<br>    Petitioner<br>v.<br>SHERMAN STEWART, WARDEN,<br>    Respondent. | Case No. CV 18-5790-AB (GJS)<br><br>ORDER TO SHOW CAUSE RE: POSSIBLE DISMISSAL FOR UNTIMELINESS, LACK OF EXHAUSTION, AND/OR LACK OF COGNIZABILITY |

On July 2, 2018, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this district (Dkt. 1, "Petition"). Petitioner was convicted in San Luis Obispo County, Case No. 12955, in 1985, and received a sentence of 25 years to life with 16 years of enhancements added to his sentence. (Petition at 2.) The Petition, however, does not challenge that 1985 conviction and sentence. Rather, Petitioner challenges a May 8, 2015 decision of the California Board of Prison Terms ("BPT") finding him unsuitable for parole (the "2015 Decision"). (Petitioner at 5-6.)

Specifically, Petitioner notes that, at his parole hearing, a Parole Board member stated that there were circumstances weighing both in favor of and against finding Petitioner suitable for parole, but that Petitioner had not shown any remorse for his crimes. Petitioner alleges that his attorney had submitted letters that Petitioner contends demonstrated his remorse and, when the attorney heard these statements,

counsel objected to the BPT's finding that Petitioner was not "remorseful enough," which Petitioner labels a "lie." Petitioner contends that, in light of the Parole Board member's statement that some circumstances weighed in favor of suitability (and others did not) and these letters, the BPT was required to find him suitable for parole and erred in failing to do so. (Petition at 5-7.) Petitioner also faults the trial court when, in denying him habeas relief, it relied on the 42 disciplinary violations and 36 administrative violations he has received, complaining that neither the BPT nor the trial court mentioned that he "had stayed out of trouble for 8 years." (Petition at 7.) Petitioner also contends that his age supported releasing him on parole. (*Id.*)

The Court has reviewed the record carefully and concludes that the Petition suffers from the three defects described below.

## THE PETITION IS UNEXHAUSTED

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to the issue(s) presented. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (emphasis added); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S.

364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). A state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court. *See Baldwin*, 541 U.S. at 29 (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998).

The Petition alleges that the sole relief Petitioner has sought with respect to his present claim is a habeas petition filed in the trial court, which was denied on May 9, 2016. (Petition at 3.) The Petition attaches a copy of that trial court order, in which the trial court concluded that the 2015 Decision was supported by the requisite "some evidence" (discussed *infra*). (Petition at 14-17.) Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed and taken judicial notice of the California dockets available electronically, which show that: on October 17, 2016, Petitioner filed a habeas petition in the California Court of Appeal in Case No. B278290, which may (or may not) relate to the 2015 Decision; that petition was denied summarily on October 19, 2016; and Petitioner has not filed any proceeding in the California Supreme Court.

The Petition explicitly admits that the single claim it raises – challenging the BPT's failure to find him suitable for parole – has not been exhausted. (Petition at 5, ¶ 8.a.) Petitioner apparently believes that exhaustion is not required, because his claim "has to do with prison conditions." (*Id.*) He is mistaken. There is no exception in the Section 2254(b)(1)(A) exhaustion requirement for claims stemming from parole decisions.

Due to Petitioner's failure to seek relief in the California Supreme Court with respect to his present claim, the Petition is fully unexhausted. When a habeas petition is fully unexhausted, as is the case here, the petitioner has two options. He can voluntarily dismiss his petition without prejudice, so that he may pursue exhaustion in the state courts and then return to federal court once his claims are

3

exhausted. Alternatively, he may ask the Court to stay his case while he pursues exhaustion in the state courts, pursuant to the *Rhines* stay procedure. *See Rhines v. Weber*, 544 U.S. 269 (2005) (authorizing stays of "mixed" petitions); and *Mena v. Long*, 813 F.3d 907 (9th Cir. 2016) (finding the *Rhines* stay procedure applicable to fully unexhausted petitions). To obtain a *Rhines* stay, a petitioner must show: (1) "good cause" for the failure to exhaust the claims at issue; (2) that the unexhausted claims are "potentially meritorious"; and (3) and that the petitioner has not engaged in "intentionally dilatory litigation tactics." *Rhines,* 544 U.S. at 277-78. The Supreme Court has cautioned that a *Rhines* stay should be afforded "only in limited circumstances." *Id.* at 277.

As set forth below, the Court has directed Petitioner to file a Response to this Order to Show Cause. In his Response, Petitioner shall: state whether he believes the Petition is exhausted and, if so, explain why; or state whether he concedes that the Petition is unexhausted and, if so, indicate clearly which of the above two options he wishes to exercise. Petitioner is cautioned that, at present, the Court is disinclined to grant a *Rhines* stay given the apparent untimeliness of the Petition, as well as its noncognizability, either of which would render element (2) above unsatisfied and a stay, therefore, improper. In addition, there is no apparent basis in the record for finding that there was good cause for Petitioner's failure to exhaust his claim given that he did raise it in the trial court but opted not to pursue state relief in the state high court, thus rendering element (1) unsatisfied as well. Nonetheless, if Petitioner wishes to seek a stay of this action and believes that he can satisfy the *Rhines* standard, he may attempt to do so in his Response and the Court will consider his arguments carefully.[1]

---

[1] Of course, if there is an ultimate finding that the Petition is untimely and/or noncognizable, dismissal likely will follow and no *Rhines* stay will issue.

**THE PETITION IS UNTIMELY ON ITS FACE**

The Petition bears a signature date of June 18, 2018, although the envelope in which it was mailed to the Court indicates that the Petition was not provided to a correctional officer for mailing until June 26, 2018. Giving Petitioner the benefit of the doubt, pursuant to the "mailbox rule," the Court will deem the Petition to have been "filed" on June 18, 2018. *See Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

The one-year limitations period that governs the Petition is set forth in 28 U.S.C. § 2244(d)(1)(D), as the Petition challenges an administrative action, *to wit*, the validity of the 2015 Decision of the BPT finding him unsuitable for parole. *Mardesich v. Cate*, 668 F.3d 1164, 1173 (9th Cir. 2012). The Section 2244(d)(1)(D) limitations period is triggered by the date on which the underlying administrative decision becomes final. *Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003); *see also Mardesich*, 668 F.3d at 1172 ("As a general rule, the state agency's denial of an administrative appeal is the 'factual predicate' for [ ] habeas claims."). In California, a parole decision such as the 2015 Decision becomes "final" 120 days after the hearing at which it was made. *See* Cal. Code Regs. tit. 15, § 2043; *see also Davis v. Ground*, No. C-12-0033 TEH, 2013 WL 893926, at *2 (N.D. Cal. March 8, 2013). Accordingly, Petitioner became aware of the "factual predicate" of his present claim 120 days after May 9, 2015 – or on September 6, 2015 – and his limitations commenced running on the next day, *i.e.,* September 7, 2015. *Id.*, at *3. As Petitioner's limitations period commenced running on September 7, 2015, it expired on September 6, 2016, absent tolling.

28 U.S.C. § 2244(d)(2) suspends the limitations period for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court. As noted above, Petitioner filed a habeas petition in the trial court raising his present claim. That petition was filed on March 17, 2016, and was denied on May 9, 2016.

(Petition at 14.) That state habeas proceeding is entitled to statutory tolling under Section 2244(d)(2). As of March 16, 2016, 191 days of Petitioner's limitations period had run, leaving 174 days remaining. As also noted above, Petitioner filed a habeas petition in the California Court of Appeal on October 17, 2016, which was denied on October 19, 2016. Assuming, arguendo, that this state appellate court petition was a continuation of the challenge raised in the trial court habeas petition and that Petitioner might be entitled to receive continuous tolling for the time between the two petitions,[2] Petitioner's limitations period would have recommenced running on October 20, 2016, and expired 174 days later, *i.e.*, on April 11, 2017.

Giving Petitioner all benefit of the doubt for purposes of applying Section 2244(d) tolling, his limitations expired at the very latest over 14 months before the Petition was signed and thereafter mailed to the Court. The Petition, therefore, is untimely absent some other basis for tolling.

The limitations period for Section 2254 petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citation omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 & n.8 (2005). Both elements must be met. *Id.* at 418 (finding that the

---

[2] Given the over five month gap between the denial of the trial court habeas petition and the filing of the state appellate court petition, it is unclear that continuous Section 2244(d)(2) would be justified. However, giving Petitioner the benefit of the doubt and for purposes of argument only, the Court will assume continuous tolling might be available.

petitioner was not entitled to equitable tolling, because he had not established the requisite diligence). A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *Id.*; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (observing that, to receive equitable tolling, the petitioner must prove the above two requirements).

Nothing in the Petition or the available record supports finding equitable tolling to be available in this case. There is nothing in the record that could establish the requisite extraordinary circumstance that prevented Petitioner from seeking relief on a timely basis. Petitioner had formulated his present habeas claim as of March 2016, when he raised it in the trial court. Once relief was denied in early May 2016, Petitioner apparently did nothing for over five months, until he filed a California Court of Appeal petition. Once that petition was denied several days later in late October 2016, Petitioner again apparently did nothing, allowing the remainder of 2016 to pass, then all of 2017, then over five months of this year before submitting the Petition on June 18, 2018. Petitioner, thus, not only failed to exhaust his claim, but delayed substantially in raising it here. Under these circumstances, the diligence prong of the equitable tolling doctrine is not met.

In sum, absent further evidence, it is plain that the Petition is untimely by over 14 months.

## THE PETITION IS NOT COGNIZABLE

California's parole scheme contemplates that a prisoner sentenced to a term of life with the possibility of parole must be found suitable for parole before a parole date can be set. California Penal Code § 3041(b) and related implementing regulations set forth criteria for determining whether a prisoner is suitable for parole. *See* Cal. Code Regs. tit. 15, § 2402. The prisoner must be found unsuitable and denied a parole date if, in the judgment of the panel, he or she will pose an unreasonable danger to society if released. Cal. Code Regs. tit. 15, § 2402(a).

"[T]he paramount consideration for both the Board and the Governor under the governing statutes is whether the inmate currently poses a threat to public safety and thus may not be released on parole." *In re Lawrence*, 44 Cal. 4th 1181, 1210 (2008). As a matter of California law, a finding that a prisoner is unsuitable for parole must be supported by "some evidence" that he currently poses such a threat. *See id.* at 1212; *In re Shaputis*, 44 Cal. 4th 1241, 1254 (2008).

The sole claim alleged in the Petition is a challenge to the 2015 Decision and the BPT's finding that Petitioner is not suitable for parole, including its conclusion that he has not demonstrated sufficient remorse, which Petitioner explicitly challenges here. In *Swarthout v. Cooke*, 131 S. Ct. 859 (2011) (*per curiam*), the Supreme Court considered a habeas claim that a California state prisoner's right to federal due process was violated by parole unsuitability findings that were not supported by "some evidence." The Supreme Court concluded that a state, such as California, may create "a liberty interest in parole." *Id.* at 861. The existence of such a state liberty interest, however, does not give rise to a federal right to be paroled, and compliance with California's "some evidence" requirement is not a substantive due process requirement. *Id.* at 862 ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."; and "No opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement."); *see also Styre v. Adams*, 645 F.3d 1106, 1108 (9th Cir. 2011) ("'there is no substantive due process right created by California's parole scheme'") (citation omitted).

As the Supreme Court made clear in *Cooke*, the federal due process protection for any state-created liberty interest in parole is "minimal," and it is limited to whether "the minimum procedures adequate for due-process protection of that interest" have been met, namely, whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied. *Cooke*,

131 S. Ct. at 862-63; *see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in *Cooke* that in the context of parole eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision."). This procedural question is "the beginning and the end of" a federal habeas court's inquiry into whether due process has been violated when a state prisoner is denied parole. *Cooke*, 131 S. Ct. at 862; *see also Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011) ("If the state affords the procedural protections required by . . . *Cooke*, that is the end of the matter for purposes of the Due Process Clause.").

*Cooke* has clearly established that the only federal habeas claim available to a California prisoner who challenges a finding that he is unsuitable for parole is a procedural one, *i.e.*, a claim that the prisoner was not afforded an opportunity to be heard and/or given a statement of the reasons why parole was denied. *Cooke*, 131 S. Ct. at 862. Petitioner does not make such a claim. Rather, Petitioner disputes the BPT's conclusion that he had not demonstrated sufficient remorse, as well as complains that the BPT and the California Court of Appeal – in noting his significant disciplinary history – failed to acknowledge that he had been discipline free for a period of time. Petitioner's habeas claim is a challenge to the legitimacy of the state court's conclusion that "some evidence" supports the 2015 Decision of the BPT and, thus, fails on its face, because he has no federally enforceable right in this respect. *See Cooke*, 131 S. Ct. at 863 ("it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied").

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears on

9

the face of the Petition that Petitioner's claim is not cognizable in federal habeas review and could not be rendered cognizable through amendment. Accordingly, Rule 4 mandates summary dismissal.

* * * * *

District courts are permitted to consider, *sua sponte*, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012). In addition, the Court may raise exhaustion problems *sua sponte*. *Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998); *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). Finally, Rule 4 mandates summary dismissal when the face of the Petition shows that the claim raised is not cognizable.

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed on the grounds of untimeliness and/or unexhaustion, as well as for lack of cognizability. By no later than **August 18, 2018**, Petitioner shall file a Response to this Order To Show Cause addressing these issues as follows:

1. If Petitioner concedes that this action is untimely, he shall state so clearly. If Petitioner disputes that this action is untimely, he must explain clearly and in detail why it is not untimely and provide any available competent evidence that establishes the timeliness of this action.

2. In addition, Petitioner shall state clearly whether he concedes that the Petition is unexhausted. If Petitioner contends that the Petition is exhausted, he must explain why. If Petition concedes that the Petition is unexhausted, he shall specify which of the foregoing two options he elects. If Petitioner seeks a *Rhines* stay, he must explain how and why the above-described *Rhines* standard is satisfied.

3. Finally, if Petitioner concedes that his claim is not cognizable, he shall state so clearly. If Petitioner disputes that his claim is noncognizable, he must

explain clearly and in detail why the claim is cognizable.  If Petitioner contends that he could amend his claim to render it cognizable, he must set forth any such amendment.

**Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that this action may be dismissed on the ground of untimeliness and/or the ground of exhaustion and/or for lack of cognizability.**

**IT IS SO ORDERED.**

DATED: July 5, 2018.

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE